IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DARRYL METCALF**                                                                            **PETITIONER**

**V.**                                                                                            **NO. 4:20-CV-92-DMB-RP**

**JESSIE WILLIAM**                                                                     **RESPONDENT**

## ORDER

Darryl Metcalf's petition for a writ of habeas corpus is before the Court on the State's motion to dismiss. Because Metcalf's petition is untimely, dismissal will be granted.

## I
## Procedural History

On May 19, 2016, Darryl Metcalf was convicted in the Circuit Court of Coahoma County, Mississippi, of two counts of sexual battery, one count of attempted sexual battery, and one count of fondling a child. Doc. #13-11 at PageID 542. On July 6, 2016, Metcalf was sentenced to twenty years on each of the sexual battery and attempted sexual battery counts, and fifteen years on the fondling count, to be served concurrently. *Id.* at PageID 547. The Mississippi Court of Appeals affirmed his conviction and sentence on February 12, 2019. *Metcalf v. State*, 265 So. 3d 1242, 1253 (Miss. Ct. App. 2019). Metcalf filed a "Motion to Petition Writ of Certiorari" in the Mississippi Supreme Court on February 25, 2019. Doc. #13-10 at PageID 443–46. Because "Metcalf never filed a motion for rehearing in the Court of Appeals" before seeking certiorari review, the Mississippi Supreme Court dismissed his petition on March 12, 2019. *Id.* at PageID 441.

On or about April 23, 2019, Metcalf filed in the Mississippi Supreme Court an "Application for Leave to Proceed in Trial Court," arguing that "the assistance provided … by his Attorney was

constitutionally ineffective." Doc. #13-17 at PageID 1015. Because he had not "shown that his attorney was ineffective under the standard set out in *Strickland v. Washington*," his petition was denied on June 19, 2019. *Id.* at PageID 1008.

On or about May 27, 2020, Metcalf filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi. Doc. #1. Although the grounds for relief are not set forth in the petition, the attached "Brief of the Appellant" argues that (1) "the trial court erred in ruling to exclude potential defense witness Sara Ward," *id.* at PageID 22; (2) "Metcalf received ineffective assistance of counsel," *id.* at PageID 29; and (3) the "trial court erred by constructively amending the indictment under Counts I and IV," *id.* at PageID 31.

On September 29, 2020, United States Magistrate Judge Roy Percy directed the State to respond to the petition. Doc. #9. On December 4, 2020, the State filed a motion to dismiss. Doc. #12. Metcalf did not respond.

## II
## Analysis

The State asserts that Metcalf's petition "is untimely filed in violation of the one-year statute of limitations provision of the Anti-Terrorism and Effective Death Penalty Act of 1996 (the 'AEDPA')." Doc. #12 at 2.

28 U.S.C. § 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2). When a petition is filed outside the one-year limitations period, the "application must be dismissed as untimely … unless the one-year … period was interrupted as set forth in 28 U.S.C. § 2244(d)(2)," *Zapata v. Cain*, 614 F. Supp. 2d 714, 717 (E.D. La. 2007); or "rare and exceptional circumstances" justify equitable tolling of the limitations period, *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000).

### A. Final Judgment

For purposes of § 2244(d)(1)(A) review, when a petitioner does not seek review by the United States Supreme Court, the judgment becomes final "when the time for pursuing direct review in [the United States Supreme Court], or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Following affirmance of a conviction by the Mississippi Court of Appeals, a defendant has fourteen days to seek rehearing. Miss. R. App. P. 40(a). A defendant may not seek a writ of certiorari without first seeking rehearing. Miss. R. App. P. 17(b). Thus, when a defendant fails to seek rehearing, his conviction is deemed final fourteen days after the Mississippi Court of Appeals' affirmance of the conviction. *See, e.g., Tanner v. King*, No. 1:13–cv–232, 2014 WL 1094872, at *3 n.3 (S.D. Miss. Mar. 19, 2014) ("Tanner never filed a motion for rehearing, and therefore could not have sought a writ of certiorari. His conviction became final, therefore, at the conclusion of the fourteen-day period for seeking rehearing in the Mississippi Court of Appeals.").

Because the Mississippi Court of Appeals affirmed Metcalf's conviction and sentence on February 12, 2019, and Metcalf did not file a motion for rehearing in the Mississippi Court of Appeals, his convictions became final on February 26, 2019. Under the AEDPA's one-year statute of limitations provision, Metcalf's federal habeas petition was due February 26, 2020. Since he did not file his petition until May 27, 2020, it is time-barred unless § 2244(d)(2) applies or the Court finds that rare and exceptional circumstances justify equitable tolling.

### B. Statutory Tolling

Metcalf filed his motion for leave to seek post conviction relief on April 23, 2019, within the AEDPA's one-year limitation period. Thus, the statute of limitations for his federal habeas petition was tolled under § 2244(d)(2) from the date the petition was filed until it was denied on June 19, 2019, a total of 58 days. As such, his petition became due on April 24, 2020. However, as the instant petition was not filed until May 27, 2020, it is still untimely.

### C. Equitable Tolling

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). "To establish his entitlement to equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *In re Johnson*, 935 F.3d 284, 296 (5th Cir. 2019) (cleaned up).

Metcalf has not presented any argument that he pursued his rights diligently or that extraordinary circumstances prevented him from timely filing his habeas petition. Accordingly, he has failed to show that he is entitled to equitable tolling and his petition is time-barred.

### III
### Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

### IV
### Conclusion

The State's motion to dismiss [12] is **GRANTED**. Metcalf's petition for a writ of habeas corpus [1] is **DISMISSED with prejudice** as untimely filed. A certificate of appealability is **DENIED**.

**SO ORDERED**, this 31st day of August, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

5